## Brown *vs* Fulkerson.

ERROR TO THE LAWRENCE CIRCUIT.

*Executions.   Sureties in replevin bonds.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

MOTION.

*Case* 93.

*June* 12.

Case stated.

UPON a replevin bond executed in November, 1842, by Richard Brown as principal and George N. Brown as security, several executions were issued in the following year, which were returned "not collected," forty dollars only having been paid. The execution that issued in June, 1843, returnable in August, was returned "not collected in consequence of the death of R. Brown." And no other execution issued until one in May, 1845, on which was a return of "no property," &c. On an execution dated in December, 1845, the clerk made an endorsement to the effect that "the security in the within *fi. fa.* is released by reasons set forth in the case of the *Bank of the Commonwealth* vs *Patterson*, (2 *B. Monroe*, 378." This endorsement was afterwards quashed, on motion in the Circuit Court, and the only material question now presented is, whether upon the facts above stated, and by operation of the 19th section of the execution law of 1828, (1 *Stat. Law*, 645,) the security in the bond was released. If he was released, the section referred to makes it the duty of the clerk to endorse, that he "stands released by law, because of the failure of the plaintiff to sue out execution, &c. within twelve months after the same was due."

According to the construction given to the 19th section in the case of the *Bank of the Commonwealth* vs *Patterson*, (2 *B. Monroe*, 378,) and approved in subsequent cases, it applies not only to the failure to sue out execution within twelve months after the bond falls due, but to any subsequent failure for the same length of time after an execution is due. The words are: "if the plaintiff shall, at any time, for the space of twelve

According to the construction given by this Court to the 19th sec. law of 1928, a failure to sue out execution on replevy bonds, applies as well to a failure to sue out execution any time after

VOL. VIII.      50

BROWN
*vs*
FULKERSON.

the replevy bond falls due, as during the twelve months next succeeding its falling due.

If the principal die, the remedy against the surety *may and should* be prosecuted by execution.

months, after execution is due him, *fail, &c.*" And the plaintiff in this case having, for the space of more than twelve months, after execution was due him, viz: from August, 1843, to May, 1845, failed to issue any execution, the case comes literally within the statute, unless as is contended, the officer's return that the principal was dead at the commencement of this interval, should operate as an exception. It does not, indeed, appear when the officer made his return on the execution of June, 1843, nor when the principal died, nor is there any evidence of his death but that which is furnished by the return. But waiving any inference or remark which might be authorized by these facts, we are of opinion that assuming the death of the principal to have occurred before the return day in August, 1843, the plaintiff was still bound, if he would keep up the responsibility of the security, to pursue his remedy on the bond by execution against him within twelve months, or by execution against the representatives of the principal, upon a revivor of the bond within the same period.

The statute having a general object in view for the benefit of securities, prescribes a rule without any exception. The inference is, that it was the opinion of the Legislature that in all cases it was for the benefit of the surety that the creditor should be stimulated to act promptly in the collection of his demand, whereby the surety also would be stimulated to activity and vigilance in securing his own indemnity. The statute does not discriminate between the case in which the debt may be made by execution upon the property of the principal, and that in which it must be made, if at all, from the property of the security. And that it did not contemplate the enquiry whether in the particular case the delay may have operated beneficially or otherwise, to the security, is manifest not only from its making no exception founded on such enquiry, and laying no basis for it, but also and especially from the explicit and unconditional direction to the clerk to endorse the release as a consequence of the failure to issue execution for twelve months, which consequence had before been un-

equivocally declared by the statute. Most certainly the clerk was not to enquire into the particular circumstances of the case, and to decide whether the security had lost any thing by the delay, or whether the plaintiff had any good excuse for it, but on the single fact apparent on the record, that the plaintiff had failed, for twelve months, to issue execution, he was to endorse what the statute had declared, that the security was released.

It is true this act of the clerk might be afterwards brought under the supervision of the Court, and would undoubtedly be subject to correction and quashal if improvidently made. It is also true that the Court would have the means, at least of enquiring into other facts than the mere failure to issue execution. But the Court can no more restrict the operation of the statute by making an exception which it does not authorize, than it can repeal it altogether. And we are satisfied that it does not, in its spirit, any more than in its letter, admit of an exception founded upon the enquiry, or as we may say in this case, upon the conjecture whether the delay has been injurious or beneficial to the security. If there could be a case in which no execution could be issued, this might form an exception *ex necessitate*, or be regarded as a case not within the terms of the statute. If the delay were caused by the fraud or request of the security, this would certainly furnish a reason why the security should not be discharged to the injury of the creditor. But it is not certain that even this fact should operate in a Court of law. If it should, it would be upon the ground that the plaintiff had been virtually prevented from the exercise of his right, or at least seduced into neglect by the act of the security. And we are satisfied that no fact or inference relating merely to the effect or operation of the execution which should have been issued, can, under this statute, be deemed sufficient to repel or avoid the consequence of a failure to issue any execution for twelve months.

A different construction would not only open the door to an infinite variety of questions and of litigation upon the statute, but by restricting its operation, would

*The act of the clerk in endorsing upon an execution on a replevy bond, is subject to the revision of the Court upon motion.*

impair its utility and to a great extent, defeat the objects which it was intended to accomplish. If the death of the principal, even before the maturity of the bond or before an execution is due at any time, will take the case out of the statute, will not his insolvency or removal have that effect? And if the occurrence of either of these facts before the maturity of the bond, will be thus availing, would not its occurrence at any time before the expiration of twelve months, be equally availing? It is impossible to say how far the express language of the statute may be frittered down by construction and analogy, if its operation in every case is to depend upon the enquiry whether the execution, if issued, would have been levied on the property of one or the other party, or would have been unproductive, and upon any inference as to beneficial or injurious effects of the delay, to be drawn from the result of this enquiry. In this case indeed, the return of August, 1843, leads to the inference that the debt might have been made out of the principal, but for his death, and therefore, that it might have been made out of his estate in the hands of his representatives, by a revival of the bond as against them, which, for all that appears, might have been done within the year. But under our construction of the statute, all enquiries and inferences of this character are cut off as immaterial. And upon the face of the record the security was released by the failure to issue execution on the bond for more than twelve months. And it was the duty of the clerk to endorse the fact accordingly. His endorsement should have been made in the form prescribed by the statute. But the variance, though it may have furnished ground for correcting the language of the endorsement, furnished none for quashing it on motion of the plaintiff.

Wherefore, the judgment quashing the endorsement is reversed, and the cause remanded, with directions to overrule the plaintiff's motion, and to direct an endorsement of the release of the security, George N. Brown, in the terms prescribed by the statue, if he desires it.

*McKee* for plaintiff: *Apperson and J. & W. L. Harlan* for defendant.